# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Jonathan L. B. Davis, Respondent.

Appellate Case No. 2018-002251

---

Opinion No. 27863
Submitted February 7, 2019 – Filed February 27, 2019

---

## DEFINITE SUSPENSION

---

John S. Nichols, Disciplinary Counsel, and Ericka M. Williams, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Jonathan L.B. Davis, of Columbia, *pro se*.

---

**PER CURIAM:**    In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension of not more than two years.  We accept the Agreement and suspend respondent from the practice of law in this state for one year, retroactive to respondent's interim suspension.[1]  The facts, as set forth in the Agreement, are as follows.

## Facts

*Matter I*

In 2015, respondent was retained to represent a husband and wife (Complainants)

---

[1] Respondent was placed on interim suspension on September 7, 2017.  *In re Davis*, 423 S.C. 475, 816 S.E.2d 542 (2017).

in a Chapter 11 bankruptcy matter. Respondent had never handled a Chapter 11 bankruptcy case. Respondent filed a petition on Complainants' behalf; however, the United States Trustee pointed out multiple inaccuracies in the documents filed by respondent. Respondent acknowledged the errors and promptly amended the filings.

Forty-one days after filing the bankruptcy petition, respondent filed an application for employment as the primary attorney for Complainants. The bankruptcy court granted respondent's application but the delayed filing meant respondent was acting without the required authority for the first six weeks of the case in violation of the rules of the United States Bankruptcy Court.

Respondent did not have an active trust account at the time Complainants began paying respondent pursuant to a retainer agreement. Respondent deposited the retainer funds into his general operating account in violation of Rules 1.15(a) and 1.15(c), RPC, Rule 407, SCACR (safekeeping of client property). Respondent later opened a trust account and transferred the funds.

Respondent held Complainants' retainer, less disbursement for the filing fee and transcript cost, from the time it was paid prior to the filing of the petition until respondent filed his first fee application with the court. Because respondent was owed fees for *pre-petition* work, he was not a disinterested party, and the bankruptcy court disqualified him from representing Complainants. That fact also barred respondent from receiving any compensation whatsoever and required he disgorge the remaining balance of the retainer.


*Matter II*

In May 2013, respondent filed for relief on behalf of Complainant B pursuant to Chapter 13 of the United States Bankruptcy Code. In September 2013, Complainant B's vehicle was totaled in an accident, and Complainant B asked respondent to file various motions on her behalf related to her payment for the totaled vehicle and the purchase of a replacement. Despite Complainant B's calls and emails, respondent failed to file the requested motions for over a month. Even after respondent finally filed a motion to incur debt, he had to amend the filing twice and failed to file any other pleadings addressing Complainant B's remaining issues.

A hearing was held in bankruptcy court to address Complainant B's concerns

regarding respondent's failure to file the appropriate motions related to her totaled vehicle. At the hearing, the United States Trustee noted additional amendments to respondent's filings were needed before an amended bankruptcy plan could be confirmed. The court continued the hearing to ensure respondent filed all amended pleadings. Respondent filed an amended plan but failed to use the forms required by the court. A deficiency notice was issued. Days later, respondent filed the necessary amendments, but again failed to use the proper forms. Respondent was given ten days to cure the deficiency. Eleven days later, respondent filed the necessary amendments and an amended plan was confirmed days later.

Following a hearing on the United States Trustee's motions for review of respondent's conduct and sanctions, the bankruptcy court found respondent's conduct harmed Complainant B and ordered he return $2,900 in attorney's fees to her within ten days. Well over a month later, the bankruptcy court issued a rule to show cause due to respondent's failure to comply with the terms of the court's order. The bankruptcy court held respondent in civil contempt for his failure to comply.

ODC mailed respondent a notice of investigation requesting he respond within fifteen days. Respondent's response was received over a month later. ODC sent respondent a request for additional information; however, respondent failed to respond as required by Rule 19(b), RLDE, Rule 413, SCACR.

## *Matters III and IV*

In December 2016 and April 2017, separate disciplinary investigations were initiated following complaints filed against respondent. The complaints were ultimately determined to be meritless; however, respondent failed to respond to ODC's notices of investigation within the required fifteen days. Approximately a month after each notice, ODC issued *Treacy*[2] letters requesting a response to the notices of investigation. ODC received a response from respondent regarding one of the matters; however, respondent failed to respond to the second.

## *Matter V*

In January 2017, respondent filed for relief on behalf of Client C pursuant to Chapter 7 of the United States Bankruptcy Code. Three days after filing,

---

[2] *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

respondent was sent a deficiency notice because his filing was incomplete and he failed to provide an email address. Respondent was given ten days to cure the deficiency; however, he failed to do so.

Four days after filing the petition, the United States Trustee emailed respondent to request records of Client C's "pay advices" for the sixty days prior to the bankruptcy petition as required by 11 U.S.C. § 521, and copies of Client C's bank statements for the three months prior to the petition's filing. Despite the Trustee following up with respondent twice via email, respondent failed to respond or provide the requested materials. Further, a meeting of creditors had to be continued due to respondent's failure to provide copies of Client C's tax returns and bank statements prior to the meeting as required by federal statute.

In April 2017, Client C contacted the Trustee because she was unable to reach respondent after multiple attempts. The Trustee also attempted to reach respondent by telephone and email, but received no response. After her attempts to reach respondent proved unsuccessful, Client C filed a *pro se* motion to extend the time to file a reaffirmation agreement and financial management course certificates.

Thereafter, the Trustee filed a motion for review of respondent's conduct and a request for sanctions. Following a hearing, the bankruptcy court found respondent did not provide adequate representation and ordered respondent refund $400 to Client C on or before June 30, 2017.

ODC sent respondent a notice of investigation; however, he failed to respond to the notice within the required fifteen days. Approximately a month later, ODC issued a *Treacy* letter requesting a response to the notice of investigation. The certified letter was returned unclaimed. Respondent failed to respond to the notice of investigation.

## *Matter VI*

Respondent failed to appear to respond to questions under oath as directed by ODC in a notice to appear and subpoena. Both documents were sent via certified mail to respondent at his address on file in the Attorney Information System (AIS); however, the documents were returned to ODC as unclaimed. Additional attempts by SLED to serve respondent were unsuccessful.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct contained in Rule 407, SCACR: Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 1.15(a) (safekeeping client property), Rule 1.15(c) (keeping of unearned legal fees in trust account), Rule 3.4(c) (disobeying an obligation under the rules of a tribunal), Rule 8.1(b) (failing to respond to a lawful demand for information from a disciplinary authority), Rule 8.4(a) (violating the Rules of Professional Conduct), and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Finally, respondent also admits the allegations contained in the Agreement constitute grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR ("It shall be a ground for discipline for a lawyer to: (1) violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers . . . .").

## Conclusion

We find respondent's misconduct warrants a definite suspension from the practice of law in this state for one year retroactive to September 7, 2017, the date of respondent's interim suspension. Accordingly, we accept the Agreement and suspend respondent for a period of one year, retroactive to his earlier interim suspension. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Additionally, prior to seeking reinstatement, respondent must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR, including completion of the Legal Ethics and Practice Program Ethics School within the preceding year.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**